**UNITED STATES of America, Plaintiff,**

**and**

**Frank Cardinale; Michael Ryan; Kevin Walsh; John Payne; Thomas Doudiet; Gary Montague; Philip Kelber; William Carey; Louis Mambretti; Patrick Casserly; Sam Harper, Intervenors–Appellants,**

**v.**

**CITY AND COUNTY OF SAN FRANCISCO, Defendant–Appellee,**

**SAN FRANCISCO FIRE FIGHTERS, LOCAL 798, INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, AFL–CIO, Defendant–Intervenor–Appellee,**

**v.**

**Fontaine DAVIS, Plaintiff–Intervenor–Appellee.**

**No. 92–15163.**

United States Court of Appeals, Ninth Circuit.

April 14, 1993.

Paul F. Higaki, Jr., Hays & Higaki, San Francisco, CA, for intervenors-appellants.

William C. NcNeill, III, Employment Law Center, San Francisco, CA, for intervenor-appellee (Davis).

## ORDER DENYING REQUEST FOR ATTORNEYS' FEES

Before WALLACE, Chief Judge, POOLE, Circuit Judge, and MARSH,[*] District Judge.

### ORDER

Davis has requested an award of attorneys' fees in this case, on the ground that the appeal was frivolous. Davis's opening brief in this appeal, however, failed to indicate that a request for attorneys' fees would be made. Ninth Circuit Rule 28–2.3 states that any party "who intends to seek attorneys fees for the appeal *must* include a short statement to that effect [in his brief] and must identify the authority under which the attorneys fees will be sought." (Emphasis added.) Similarly, Ninth Circuit Rule 39–1.6 states that any "party who intends to request attorneys fees on appeal *shall* include in its opening brief a short statement of the authority pursuant to which the request will be made." (Emphasis added.)

Although we have found no published decisions in this circuit interpreting these rules, their plain language indicates that they impose a mandatory requirement upon a party seeking attorneys' fees. The rules require a party who intends to request attorneys' fees to so indicate in his or her opening brief. In order to give effect to these rules, we will not consider requests from parties who fail to comply with this requirement. Thus, we deny Davis's request for attorneys' fees without reaching the merits of that request.

DENIED.